RECEIVED

AUG 1 0 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| BARBARA ROBINSON | CIVIL ACTION NO. 03-1374 |
| VERSUS | JUDGE ROBERT G. JAMES |
| OUACHITA PARISH SCHOOL BOARD AND ROBERT WEBBER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS SUPERINTENDENT OF OUACHITA PARISH SCHOOL BOARD | MAG. JUDGE JAMES D. KIRK |

# Ruling

Pending before the Court is a Motion for Attorney Fees and Expenses [Doc. No. 49] filed by Plaintiff Barbara Robinson in the above-referenced matter. The motion was referred by the undersigned to Magistrate Judge James D. Kirk for Report and Recommendation.

On May 27, 2005, Magistrate Judge Kirk issued a Report and Recommendation, recommending that Plaintiff be awarded attorney's fees at a rate of $200 per hour, rather than the $215 per hour rate she had requested. Magistrate Judge Kirk further recommended that Plaintiff's attorney's fees be reduced by 50% because of her limited success at trial. In total, Magistrate Judge Kirk recommended an award of $16,918.15 for attorney's fees and $3,257.86 for costs and expenses.

On June 17, 2005, Plaintiff filed an objection [Doc. No. 56] to the Magistrate Judge's Report and Recommendation. On June 27, 2005, Defendant Ouachita Parish School Board ("the School Board") filed a response to Plaintiff's objection. For the following reasons, Plaintiff's objection is GRANTED IN PART, and the Court DECLINES TO ADOPT IN PART the Report and Recommendation of Magistrate Judge Kirk.

I.  **Background**

Plaintiff filed this lawsuit against Defendants the School Board and Superintendent Robert Webber, alleging that she was subjected to gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and state anti-discrimination and anti-retaliation laws, La. Rev. Stat. § 23:300, *et seq.*; race discrimination in violation of Title VII, state anti-discrimination laws, and 42 U.S.C. § 1983; and intentional infliction of emotional distress in violation of Louisiana Civil Code article 2315.

Prior to trial, Defendants filed a Motion for Summary Judgment, which the Court granted in part. Pursuant to the Court's Judgment, all claims against Superintendent Webber were dismissed. Further, the Court found that the School Board was entitled to summary judgment on all of Plaintiff's claims except one: that she was improperly denied a promotion to principal at Sterlington High on the basis of her gender, in violation of Title VII and state anti-discrimination laws. The Court found that Plaintiff raised a genuine issue of material fact for trial as to whether her gender was a motivating factor in the School Board's selection of a male candidate for the position.

At trial, the jury agreed with Plaintiff that her gender was a motivating factor in the School Board's failure to promote her to principal at Sterlington High School. However, the jury further found that the School Board was not liable in damages to Plaintiff because the same candidate would have been selected even in the absence of discrimination.

Judgment was entered on the jury's verdict. Plaintiff now seeks to recover her attorney's fees and costs, as permitted under Title VII.

II.  **Law and Analysis**

In a mixed-motive employment discrimination case, a plaintiff may recover attorney's fees and costs "demonstrated to be directly attributable only to the pursuit of [the] claim" upon which she

2

demonstrated discrimination. 42 U.S.C. § 2000e-5(g)(2)(B). The parties agree that Plaintiff's attorney's fees have been excised, so that she is only seeking to recover the time spent pursuing the successful claim. The School Board also agrees that the costs sought are reasonable. However, the parties dispute the proper rate for Plaintiff's counsel and the amount of attorney's fees to be awarded.

### A. Hourly Rate Sought

Plaintiff seeks to recover the time spent by her attorney at an hourly rate of $215 per hour and submitted an affidavit from a Shreveport litigator indicating that his hourly rate is $225 per hour. The School Board argues that this rate is too high, given the local hourly rate for attorneys in the Monroe area, and the fact that Plaintiff could have retained a Monroe lawyer.

In his Report and Recommendation, Magistrate Judge Kirk found that Plaintiff's decision to retain counsel from Shreveport was not unreasonable because of counsel's expertise in the area of employment discrimination law. However, because the rate in Monroe is "more nearly $175 to 185 per hour," he reduced her rate to $200 per hour.

Plaintiff objects to the recommendation that her counsel's hourly rate be reduced. First, she contends that counsel's rate should not be reduced in reliance on Monroe market rates. Second, she points out that counsel's rate has "never" been reduced in bankruptcy court and that counsel is no better a litigator in the bankrutpcy forum than she is in an employment discrimination case. She also points out that, unlike in the bankruptcy cases where counsel is guaranteed payment, an attorney undertaking representation of a Title VII plaintiff incurs a significant risk that she will not recover any fees.

Because of Plaintiff's counsel's special expertise in employment discrimination, her years of litigation experience, and considering prevailing market rates, the Court agrees with Plaintiff that $215 is a reasonable hourly rate in this case. Accordingly, the Court GRANTS Plaintiff's objection regarding counsel's hourly rate and DECLINES TO ADOPT Magistrate Judge Kirk's Report and

Recommendation on this issue.

## B. Application of *Sheppard* Factors

Plaintiff also seeks to recover for all hours her counsel expended on her promotion claim. In its opposition to Plaintiff's motion, the School Board argues that any award of attorney's fees should be reduced because of Plaintiff's limited success in this case.

In his Report and Recommendation, Magistrate Judge Kirk agreed with the School Board, recommending that Plaintiff recover only one-half of the attorney's fees requested. In reaching this conclusion, Magistrate Judge Kirk relied on *Sheppard v. Riverview Nursing Ctr.*, 88 F.3d 1332 (4th Cir. 1996), a case cited by the Fifth Circuit in *Garcia v. City of Houston*, 201 F.3d 571 (5th Cir. 2000). In *Garcia*, the Fifth Circuit explained that the *Sheppard* court identified three factors for a court to consider when awarding attorney's fees in a mixed-motive case:

> (1) reasons why injunctive relief was or was not granted, (2) the public purposes served by resolving the dispute, and (3) whether the mixed-motive case demonstrated a "widespread or intolerable" animus on the part of a defendant, or were the employer's actions justified by the plaintiff's behavior.

*Garcia*, 201 F.3d at 678 (quoting *Sheppard*, 88 F.3d at 1336). Applying these factors, Magistrate Judge Kirk determined that Plaintiff could not obtain injunctive relief because the person selected as principal was "far more qualified under the district judge's analysis," and that Plaintiff had made no showing of widespread or intolerable animus by the School Board. Magistrate Judge Kirk acknowledged that the representation of Plaintiff's counsel served some limited public purpose because of the jury's determination that the School Board discriminated against her, but found "there was only sight evidence of misbehavior."

Plaintiff objects to the reduction of counsel's time based on her lack of success. She argues first that Magistrate Judge Kirk should not have relied on the *Sheppard* factors, pointing out that there is a dispute in the circuits over whether an attorney's fee award in a mixed-motive case should be measured

4

by the plaintiff's success. The *Sheppard* decision instructs the courts to consider the plaintiff's measure of success, and the Ninth, Seventh, and Eleventh Circuits have followed this approach. *See Garcia*, 201 F.3d at 678-79 (collecting cases). However, the Tenth Circuit has stated that the court should not base an award of attorney's fees on the plaintiff's measure of success because "*even the smallest victory*" can advance the interest of society. *Gudenkauf v. Stauffer Communications*, 158 F.3d 1074, 1081 (10th Cir. 1998) (emphasis in original) (quoting H.R. Rep. No. 102-40(I) at 46-47, 1991 U.S.C.C.A.N. at 584-85 (quoting Jane Lang, former General Counsel of the United States Department of Housing and Urban Development)). Plaintiff argues that in *Garcia*, the Fifth Circuit did not express a preference for one of these tests, but only concluded that the award of fees in that case satisfied the standards of either case. Plaintiff further argues that this Court should not apply *Sheppard* because a proportionality review is inappropriate in a mixed-motive case. In effect, she contends that it would write 42 U.S.C. § 2000e-5(g)(2)(B) out of existence.

Alternatively, even if the *Sheppard* factors should be applied, Plaintiff contends that this case is factually distinguishable because Sheppard had turned down a settlement offer, and the *Sheppard* court relied on this factor. In this case, Plaintiff "begged" for a settlement offer, could not get one, and was forced to go to trial.

Finally, even if her counsel's hours should be reduced under *Sheppard*, Plaintiff argues that a one-half reduction is too much. She takes issue with Magistrate Judge Kirk's statement that the finding of discrimination in this case was of "limited public purpose" and his reliance on the fact that 43% of principals in the school system are female. She points out that the evidence in this case showed that there was only one female principal at an alternative high school. A female principal was not hired at a traditional high school until after this case began.

The School Board responds that the Court should award Plaintiff only one-fourth of her

5

attorney's fees, but that it is willing to accept Magistrate Judge Kirk's determination.

The Court has carefully reviewed *Garcia* and finds that Magistrate Judge Kirk correctly concluded that the *Sheppard* factors are to be applied. In *Garcia*, the jury, like the jury in this case, found that plaintiff had shown an impermissible consideration (race) to be a motivating factor in a promotion decision, but then determined that plaintiff would not have received the promotion even in the absence of the impermissible factor. The district court awarded the plaintiff attorney's fees and costs, but at a significant reduction from the amount sought. On appeal, the School Board argued that the plaintiff should not have received fees and costs. In reviewing the district court's award, the Fifth Circuit stated that *Sheppard* is the "most influential case" on the issue of an award of attorney's fees in a mixed-motive case. 88 F.3d at 678. The court went on to discuss *Sheppard* and the courts that have followed it. Notably, the Fifth Circuit cites to the Ninth Circuit's decision in *Norris v. Sysco Corp.*, 191 F.3d 1043, 1051-52 (9th Cir. 1999), in which that court applied *Sheppard*, but also stated that, while its considerations are useful, they are not comprehensive, exclusive, nor required in each case. The Fifth Circuit also discussed the Tenth Circuit's decision in *Gudenkauf,* but never endorsed its analysis.

While Plaintiff is correct that the Fifth Circuit did not specifically endorse either test, the fact is that the Court applied the *Sheppard* test when reviewing the district court's actions. The Fifth Circuit stated that "it is important to note that in its order awarding attorney's fees the district court acknowledged the *Sheppard* factors and applied them to the facts of the present case." 201 F.3d at 679. The Fifth Circuit again cited to the Ninth Circuit's *Norris* decision suggesting that consideration of the Sheppard factors is an indication that a district court has not abused its discretion. The Fifth Circuit then stated that "in its application of the *Sheppard* factors the district court properly weighed these factors and did not abuse its discretion." *Id.* The Fifth Circuit also found that the award in the *Garcia*

case satisfied the Tenth Circuit standard because there was an award at all and the plaintiff's role in helping to end unlawful discrimination weighed heavily.

In this case, the Court finds that Magistrate Judge Kirk properly considered the factors set forth in *Sheppard* and, therefore, the Court ADOPTS that portion of his Report and Recommendation. However, contrary to his recommendation, the Court believes that a reduction of one-half is too great a penalty in this case for Plaintiff's limited success.

First, the Court notes one factual discrepancy in the Report and Recommendation. In discussing why an injunction was not awarded in this case, Magistrate Judge Kirk stated that "the person who was awarded the job [of principal at Sterlington High School] was far more qualified under the district court's analysis," so there was no continuing harm. The Court would point out that it found only that Plaintiff was not "clearly better qualified" than the successful candidate. In fact, the Court's consideration of the facts at the summary judgment stage indicated that the qualifications of Plaintiff and the successful candidate were comparable. Nevertheless, the Court agrees with Magistrate Judge Kirk that an injunction was not appropriate.

With regard to the remaining considerations, the Court finds that the public purpose served by resolving the dispute, as well as other factors, suggests that the award should only be reduced by one-third, not one-half. Although Plaintiff was not ultimately successful at trial, she certainly produced evidence of improper gender considerations by school board members, a public body elected to ensure that the Parish's children are provided with the best qualified personnel available, regardless of gender. While the jury ultimately found in favor of the School Board, in the Court's opinion, that verdict was the result of testimony about Plaintiff's behavior at her interview, not because the School Board proved there were no gender considerations.

Additionally, the Fifth Circuit has indicated that the *Sheppard* factors may not account for all

considerations in an attorney's fee award. In this case, Plaintiff's counsel worked diligently to attempt some type of settlement with the School Board until nearly the eve of trial, to no avail. The Court agrees that she should not be penalized for the additional time incurred by her counsel at this point.

Accordingly, the Court GRANTS Plaintiff's objection to this portion of the Report and Recommendation and DECLINES TO ADOPT Magistrate Judge Kirk's award of one-half of the attorney's fees sought by Plaintiff.

## III. Conclusion

For the foregoing reasons, the Court awards Plaintiff attorney's fees in the amount $20,688.33, plus costs and expenses in the amount of $3,257.86, for a total award of $23,946.19.

MONROE, LOUISIANA, this 10 day of August, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE